**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-10511
Summary Calendar
_____


KENNETH LERON SATTERWHITE,

Petitioner-Appellant,

VERSUS


GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:95-CV-183-Y)
_____

November 19, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges

PER CURIAM:[1]

Texas prisoner Kenneth Satterwhite, #393238, filing *pro se*, appeals from the dismissal of his habeas corpus petition as an abuse of writ. Satterwhite contends that the administration of

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

antipsychotic and antidepressant drugs from April 1985 to May 1990 constitutes cause for his failure to raise defective-indictment and ineffective-assistance contentions in an earlier petition. He also contends that his counsel's ineffective assistance regarding the defective indictment constitutes cause.

Assuming without deciding that (1) the certificate of probable cause issued by the district court served as a certificate of appealability required for appeals under the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, and (2) that the district court had the authority to issue such a certificate of appealability, we address the merits of Satterwhite's appeal. We have examined the record and the briefs of the parties and find no nonfrivolous issues. We reject Satterwhite's contention that the administration of drugs constituted cause for the reasons relied on by the district court. In addition, we find his ineffective assistance of counsel claim barred; he raised it in an earlier petition and may not raise it again in a subsequent petition. McDonald v. Estelle, 590 F.2d 153, 155 (5th Cir. 1979). Moreover, his counsel's actions did not prevent Satterwhite from raising claims in his previous federal habeas petitions.

APPEAL DISMISSED.

2